Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 210301-137891
DATE: August 31, 2021

REMANDED

Entitlement to service connection for sleep apnea is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Air Force from September 1966 to September 1970, to include service in Vietnam. For his meritorious service, the Veteran was awarded (among other decorations) the Vietnam Service Medal and the Republic of Vietnam Campaign Medal.

In August 2019, the Agency of Original Jurisdiction (AOJ) denied entitlement to service connection for sleep apnea. Within one year of that decision, the Veteran submitted a VA Form 20-9005, Supplemental Claim. The AOJ then issued an August 2020 rating decision again denying entitlement to service connection for sleep apnea. Thereafter, in September 2020, the Veteran submitted a timely higher-level review request. In the January 2021 higher-level review rating decision, the AOJ considered the evidence of record at the time of the previous August 2020 decision, and denied this issue. In March 2021, the Veteran filed a VA Form 10182, Notice of Disagreement, appealing the higher-level rating decision and requesting the direct review lane. Under the direct review lane, the Board must base its decision on the evidence that was before the AOJ at the time of the August 2020 decision. Evidence added to the claims file thereafter may not be considered.

Entitlement to service connection for sleep apnea is remanded.

The Board finds that the claim for service connection for sleep apnea must be remanded to correct a pre-decisional duty to assist error. 38 C.F.R. § 20.802(a). In pertinent part, the evidence of record shows a current diagnosis for sleep apnea. The Veteran also submitted lay statements suggesting that he began snoring and feeling tired during his time in service and it continued after service. In spite of this evidence, the Veteran has not yet been afforded a VA examination for this claim. See McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006). Accordingly, the Veteran must be provided a VA examination and medical opinion consistent with the directives herein.

The matter is REMANDED for the following action:

Schedule the Veteran for a VA examination with an appropriate examiner to determine the nature and etiology of his sleep apnea. The examiner must review pertinent documents in the Veteran's claims file in conjunction with the examination. All indicated studies should be completed. All findings must be fully reported.

The examiner should opine as to whether it is at least as likely as not (i.e., 50 percent probability or greater) that the Veteran's sleep apnea is related to his active duty service.

In rendering the above opinion, the examiner must specifically consider and discuss lay statements of record that suggest that the Veteran began snoring and feeling tired during his time in service and it continued after service. See July 2019 Buddy Statements and July 2020 Correspondence. 

The examiner is advised that the Veteran is competent to report his symptoms/history and that such reports must be acknowledged and considered in formulating any opinion. If his reports are discounted, the examiner should provide a reason for doing so.

A rationale for all requested opinions shall be provided. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question.

 

 

PAUL E. METZNER

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board C. K. Hall, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.